Matthias, J.
The primary question involved in this case is whether the relator under the conceded facts set forth in the pleadings is entitled under the laws of the state to a school teachers’ pension and whether there is any discretion lodged in the board of trustees of such teachers’ pension fund to allow or disallow such claim. The relator relies upon the provisions of Section 7891, General Code, which reads as follows:
“A teacher who resigns, upon application within three (3) months after such resignation takes effect, shall be entitled to receive, one-half of the total amount paid by such teacher into such fund. If at any time a teacher who is willing to continue in the service of the board of education is not re-employed or is discharged before his term of service aggregates twenty years, then to such teacher shall be paid back at once all the money he or she may have contributed under this law. But if any teacher who has taught for a period aggregating twenty years is not re-employed by the board of education, such failure to re-employ shall be deemed his retiring, and such teacher shall be entitled to a pension according to the provisions of this act.”
Counsel for defendants contend that relator is not entitled to the pension because he is not under any physical or mental disability and because of the fact that half of the period of the twenty-years *250 service required as a prerequisite was not rendered in the public schools of such district or in the public schools of the county.
The question presented therefore is whether the provisions of Section 7891, General Code, are qualified by the provisions of Sections 7880 and 7882, General Code. By the former it is provided that a board of education of a district where a pension fund has been created under the statute may retire any teacher on account of physical or mental disability who has taught in such school for a period aggregating twenty years, one-half of which must have been taught in the public schools of that district or of the county in which they are located.
It is provided by Section 7882, General Code, that any teacher may retire and become a beneficiary of such pension provision who has taught for a period aggregating thirty years, provided one-half of such term of service has been rendered in the public schools of such district or of the county in which the district is located. By the provisions of Section 7883, General Code, it is provided that each teacher so retired or retiring shall be entitled during the remainder of his or her natural life to receive a pension annually of $12.50 for each year of service as teacher, except that in no event shall the pension be paid to a teacher exceed $450 in any one year, and that such pension shall be paid monthly during the school year.
Section 7884, General Code, provides that no such pension shall be paid until the teacher contributes or has contributed to such fund a sum equal *251 to $20 per year for each year of service, but that such sum shall not exceed $600, and that should such teacher retiring be unable to pay the full amount thereof before receiving a pension twenty per cent, of such pension may be withheld until the amount required to be contributed is completed.
Section 7885, General Code, requires that, if such pension fund at any time is insufficient to meet the pensions so provided, the amount in the fund shall be prorated between the parties entitled to it.
The provisions of Section 7891, General Code, in question here, were not a part of the original school teachers’ pension act and were not enacted until 1911, and were published in 102 Ohio Laws, 445. Theretofore, as we have seen, provision had been made whereby a board of education might retire a. teacher physically or mentally incapacitated, after twenty-years service, and that action would entitle such teacher to a pension under the provisions of Section 7883, General Code, provided such teacher had taught ten years in the public schools of that county; and it was also at the same time provided that a teacher might voluntarily retire and become a beneficiary under the provisions of Section 7883, General Code, after having taught for a period aggregating thirty years, providing fifteen years of such service had been rendered in the public schools of the county where such district was located. Some good and satisfactory reason must have appeared to the legislature for subsequently enacting the provisions here in question, whereby a teacher should be entitled to a pension under the *252 provisions of Section 7883, even though such teacher had not been retired by the board of education because of mental or physical disability, or had not voluntarily retired, as provided in Section 7882, his discontinuance from the service of teaching. in the public schools being occasioned by the mere refusal of re-employment by the board of education, and hence the enactment of the provision under consideration, wherein it is provided that under such circumstances if the teacher shall have taught for a period aggregating twenty years he shall be entitled to a pension. A different condition is thereby provided for than set out in Sections 7880 and 7882, General Code.
It is probably not for us to speculate as to what may have been the motive of the legislature in making the distinction pointed out, whereby, after providing in one instance that a teacher may be retired by the board for a physical or mental disability under which circumstances the right of such teacher to a pension is contingent upon his having taught an aggregate- of twenty years, ten of which must have been within the county, and in another instance that a teacher may voluntarily retire after having taught thirty years, and be entitled to a pension if fifteen years thereof had been in the service of the public schools of the county, it subsequently provides that a teacher who was neither retired by reason of physical or mental disability, nor voluntarily retired, but who, upon the other hand, desired to continue in the service of the school, would be entitled to the benefits of the pension if he had been engaged in the service of *253 teaching in the public schools for a period aggregating twenty years, whether half thereof was in the county where such city was situated, or in an adjoining county or elsewhere. It may have been for the purpose of providing an additional incentive for the board of education to continue, in the service of the public schools teachers who were physically and mentally capable and who did not desire to retire from the service of teaching in the public schools.
In view of the fact that under this law such teachers’ pension fund is created by the board of education of the school district, it is difficult to see what difference it would make whether half of the aggregate period of service had been taught in that county or the adjoining county or some other county in the state. The legislature which enacted the provisions of Section 7891, General Code, may have so considered the matter. However, we are not concerned with the motive which prompted the enactment of the provisions of Section 7891. These provisions are clear, plain and concise and where a teacher has taught in the public schools for a period aggregating twenty years, and has contributed to the pension fund as required by law, and desires to continue in the employment of such board of education, the refusal of such board to re-employ him entitles s'uch teacher to a pension as provided by Section 7883, General Code.
Presumably this statute was enacted for the welfare of the public schools, and the benefits which may accrue to an individual teacher are only an *254 incident. , Under this law the benefits of this pension fund, when created, are not limited by the statute to teachers in the public school who may have suffered physical or mental disability. It is treated both as a disability pension and a service pension, for under the terms of the original act a teacher would be entitled to its benefits by reason of voluntary retirement, after having served for the period required, just the same as one who was placed on the retired list by action of the board of education. It is pointed out that a teacher who had served in the Zanesville schools one year might under this provision be entitled to the benefits of the pension fund of that city if the board of education failed to re-employ him, if he had previously served elsewhere for a period of nineteen years. That might be possible, but what material difference would it make whether that nineteen-years service had been in the public schools of Dresden, in the same county, or in Newark, in an adjoining county? Contribution to the fund would be the same in one case as in the other.
It seems clear that if it had not been intended that Section 7891 should meet a condition not theretofore provided for by the provisions of Sections 7880 and 7882, General Code, it would* not have been enacted; and if it had been intended that the provision contained in Section 7891, here under-consideration, should be governed by the provisions of Sections 7880 and 7882, the legislature would not have incorporated in Section 7891 any provision whatever as to the period of service required as a prerequisite to the allowance of a pension. *255 Having expressly provided that under the circumstances stated a teacher who had rendered service for a period aggregating twenty years should be entitled to a pension, the legislature certainly would have also incorporated the proviso referred to in Sections 7880 and 7882, or referred to the same, had it been intended that either of them should qualify the express provisions of Section 7891. It would seem also that had it been the intention of the legislature that the twenty-years aggregate service should refer to service in that district alone, that would also have been expressly stated. The provision of Section 7891 here under consideration being the later enactment certainly should not be so construed as to destroy its effect or defeat its evident purpose.
The allegations of the amended answer constitute no defense to this action, for in view of the provisions of Section 7891 the intention, desire, purpose or motive of the board of education in refusing re-employment is immaterial. Nor is the board of trustees of this fund permitted any discretion with reference to the allowance and payment of such pension. It is optional for the board of education in the first instance to create such pension fund, but when it is. created in the manner provided by statute, and a board of trustees appointed to administer the same, that board has no discretion whatever to make an award or refuse an award. The statute clearly prescribes the conditions which entitle a school teacher to the benefits of the fund, and when such teacher fully meets those conditions payment of the amount to which *256 such teacher is entitled under the undisputed facts in the particular - case cannot be refused, although the amount may be then or subsequently affected by reason of -the necessity of prorating as required by Section 7885, General Code.
The judgment of the court of appeals is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Johnson, Wanamaker, Robinson and Merrell, JJ., concur.